**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

ADVANCED CODING TECHNOLOGIES LLC,

Plaintiff,

v.

APPLE INC.,

Defendant.

Civil Action No. 2:24-CV-00572-JRG (Lead Case)

**JURY TRIAL DEMANDED**

**ORAL ARGUMENT REQUESTED**

[redacted]

**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE OR ALTERNATIVELY TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

# TABLE OF CONTENTS

**Page**

Table of Authorities ..... ii

I. ACT's Consolidated Cases Should Be Dismissed Because Best Buy's Apple Shops Are Not Apple's Places of Business ..... 1

A. Apple does not hold out Best Buy's Apple Shops as its own place of business ..... 1

B. Apple does not control the operation of Best Buy's Apple Shops ..... 3

C. Neither Apple's employees nor its alleged Best Buy agents support that Apple Shops are Apple's places of business ..... 4

D. Best Buy's Apple Shops differ from Apple Stores ..... 6

II. In the Alternative, ACT's Consolidated Cases Should Be Transferred to the Northern District of California ..... 6

A. The private interest factors weigh in favor of transfer ..... 6

B. The public interest factors weigh in favor of transfer ..... 10

III. Venue Discovery Is Unnecessary ..... 10

IV. Conclusion ..... 10

Certificate of Service ..... 13

Certificate of Authorization to File Under Seal ..... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*4WEB, Inc. v. NuVasive, Inc.*,
No. 23-cv-192, 2024 WL 1932416 (E.D. Tex. May 2, 2024) ....................5

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020)....................7

*AptusTech LLC v. Trimfoot Co.*,
No. 19-cv-133, 2020 WL 1190070 (E.D. Tex. Mar. 12, 2020) ....................2

*Auguste v. Elementree Inc.*,
No. 23-cv-364, 2024 WL 264687 (N.D. Tex. Jan. 24, 2024) ....................2

*Bianco v. Globus Med., Inc.*,
No. 12-cv-147, 2014 WL 61071 (E.D. Tex. Jan. 6, 2014) ....................7

*Blitzsafe Tex., LLC v. Bayerische Motoren Werke AG*,
No. 17-cv-418, 2018 WL 4849345 (E.D. Tex. Sept. 6, 2018), *vacated sub nom Blitzafe Tex. LLC v. Mitsubishi Elec. Corp.*, No. 17-cv-460, 2019 WL 3494359 (E.D. Tex. Aug. 1, 2019) ....................2

*In re Clarke*,
94 F.4th 502 (5th Cir. 2024) ....................10

*In re Cray, Inc.*,
871 F.3d 1355 (Fed. Cir. 2017)....................4, 5, 6

*In re DISH Networks*,
No. 2021-182, 2021 WL 4911981 (Fed. Cir. Oct. 21, 2021)....................8, 10

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
No. 17-cv-728, 2018 WL 2544564 (E.D. Tex. June 4, 2018) ....................2

*Evolutionary Intel. LLC v. Yelp, Inc.*,
12-cv-794, 2013 WL 12157562 (E.D. Tex. July 21, 2013)....................6

*Fractus, S.A. v. ZTE Corp.*,
No. 17-cv-561, 2018 WL 11363369 (E.D. Tex. Sept. 28, 2018)....................4

*In re Google LLC*,
58 F.4th 1379 (Fed. Cir. 2023) ....................9

*In re Google LLC*,
No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) ....................4, 5, 7

*Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.*,
549 F.2d 368 (5th Cir. 1977) ....................................................................................3

*In re Planned Parenthood Fed'n of Am.*,
52 F.4th 625 (Fed. Cir. 2022) ..................................................................................10

*In re Samsung Elecs. Co.*,
2 F.4th 1371 (Fed. Cir. 2021) ....................................................................................9

*In re TikTok, Inc.*,
85 F.4th 352 (5th Cir. 2023) ..................................................................................7, 9

*Tinnus Enters., LLC v. Telebrands Corp.*,
No. 17-cv-170 2018 WL 4524119 (E.D. Tex. May 1, 2018) ........................................3

*In re Volkswagen Grp. of Am., Inc.*,
28 F.4th 1203 (Fed. Cir. 2022) ........................................................................3, 4, 5, 6

*Wireless Protocol Innovations, Inc. v. TCT Mobile (US) Inc.*,
No. 15-cv-918, 2023 WL 4626659 (E.D. Tex. July 19, 2023) .......................................6

*In re ZTE (USA) Inc.*,
890 F.3d 1008 (Fed. Cir. 2018).....................................................................................4

**Docket Entries**

*Advanced Coding Techs. LLC v. Google LLC*,
No. 24-cv-00353 (E.D. Tex. Aug. 2, 2024), Dkt. 23 ......................................................9

*Advanced Coding Techs. LLC v. LG*,
No. 22-cv-501 (E.D. Tex. Jan. 1, 2023), Dkt. 9...........................................................10

*AGIS Software Dev. LLC v. Apple Inc.*,
No. 17-cv-516 (E.D. Tex. June 21, 2017), Dkt. 1 .........................................................8

*Jawbone Innovations, LLC v. Apple Inc.*,
No. 21-cv-984 (W.D. Tex. Sept. 23, 2021), Dkt. 1.........................................................8

*RFCyber Corp. v. Apple, Inc.*,
No. 21-cv-916 (W.D. Tex. Sept. 7, 2021), Dkt. 1 ..........................................................8

**Statutes**

15 U.S.C. § 1064...........................................................................................................3

ACT's attempt to establish venue in this District fails because Apple Shops within Best Buy stores are not Apple's places of business. ACT ignores critical facts confirming that Best Buy exercises control over all aspects of the Apple Shops: Best Buy decides whether to have an Apple Shop in its store; decides where to place it; manages the inventory; conducts all sales; and manages the shop's day-to-day operation. Contrary to ACT's arguments, Apple does not hold out Apple Shops as its places of business, and does not control their operation or the Best Buy employees working there. ACT's efforts to recast the Vendor Agreement as establishing Apple control over Best Buy's Apple Shops, or imposing a principal/agent relationship, are not supported by law or fact. Venue in this District is improper, and Apple's Motion to Dismiss should be granted. Alternatively, this case should be transferred to the Northern District of California, which is clearly more convenient given Apple, ACT, and third party witnesses and sources of proof located there.

## I. ACT'S CONSOLIDATED CASES SHOULD BE DISMISSED BECAUSE BEST BUY'S APPLE SHOPS ARE NOT APPLE'S PLACES OF BUSINESS

### A. Apple does not hold out Best Buy's Apple Shops as its own places of business

ACT, which has the burden of establishing venue, asserts incorrectly that by identifying "Apple Shops" on its website and letting Best Buy use Apple's logo, signage, and fixtures, Apple holds out Best Buy's Apple Shops as Apple's places of business. ACT ignores that the list of *Apple Retail Stores* on Apple's website includes only Apple Stores, and *no* Best Buy Apple Shops. *See* Ex. W (listing no locations in this District). As ACT admits, only a search of "Apple Authorized Resellers" includes Best Buy's Apple Shops. Opp. 14; *see also* Dkt. 1 ¶3; Ex. X (showing no locations in Plano). Identifying "Apple Shops" as authorized resellers does not convert them into Apple's places of business, especially because Apple's website identifies the business as "Best Buy," Opp. 15, and makes clear that "Apple Shops" are not standalone Apple Stores, but rather locations offering Apple products for sale "within select Apple resellers and other retail stores," Dkt. 1 ¶3. This Court has repeatedly found that "directing customers to [an independent retailer's]

location from the defendant's website is insufficient to establish that the location is 'of the defendant.'" *AptusTech LLC v. Trimfoot Co.*, No. 19-cv-133, 2020 WL 1190070, at *5 (E.D. Tex. Mar. 12, 2020); *see also Auguste v. Elementree Inc.*, No. 23-cv-364, 2024 WL 264687, at *4 (N.D. Tex. Jan. 24, 2024) (defendant held out stores as Target's, not its own, by using Target logo and listing stores on its website). ACT attempts to distinguish *AptusTech*, asserting the defendant there "had 'very little' input about product placement and does not 'dictate any type of display.'" Opp. 15. But Best Buy's use of Apple's logo and fixtures and its space focused on Apple products does not evidence Apple's control over Apple Shops. *Infra* Sections I.B-C. Additionally, Best Buy, like the stores in *AptusTech*, is an independent retailer. And Apple, like the defendant in *AptusTech*, simply sells Apple products to Best Buy for resale and does not own or rent Best Buy's stores or a space therein or have control over Best Buy's employees. 2020 WL 1190070, at *3-4.

Moreover, ACT did not address the "abundant case law" supporting that "a distributor's place of business cannot establish venue for its supplier." *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 17-cv-728, 2018 WL 2544564, at *2 (E.D. Tex. June 4, 2018); Mot. 12. Instead, ACT attempts to analogize this case to the exceptional situation involving franchised dealers in *Blitzsafe Texas, LLC v. Bayerische Motoren Werke AG*, No. 17-cv-418, 2018 WL 4849345 (E.D. Tex. Sept. 6, 2018), *vacated sub nom Blitzafe Texas LLC v. Mitsubishi Eletrical Corp.*, No. 17-cv-460, 2019 WL 3494359 (E.D. Tex. Aug. 1, 2019). *See* Opp. 15. There, BMW ratified BMW dealerships as its own because (1) new BMWs were available only through those authorized dealers, (2) the dealerships were each "*named* 'BMW'" (such as "BMW of Tyler"), and (3) they "prominently display[ed] the singular logo of BMW with no reservations." 2018 WL 4849345, at *8. None of these apply to Apple Shops. *E.g.*, Dkt. 1 ¶3; Ex. W. Best Buy uses Apple's trademark and fixtures not in isolation, but within its store alongside [redacted] likewise identified by their trademarks. Ex. H at Exhibit A; *see also* Exs. L, M, Y; Dockendorf

Decl. ¶5 (showing Windows logo). These contrasting displays allow customers to cross-shop different manufacturers' products, Dockendorf Decl. ¶15, and counteract any impression that Best Buy's Apple Shop is Apple's place of business.[1] Thus, Best Buy's use of Apple's trademark and trade dress does not convert Best Buy's place of business into Apple's.

**B. Apple does not control the operation of Best Buy's Apple Shops**

ACT asserts incorrectly that Apple exerts control over Apple Shops through its Design Kit and Merchandising Guidelines. Apple's brand protection through contract provisions and Best Buy's compliance does not evidence Apple's control over Best Buy's Apple Shops. *See, e.g.*, *In re Volkswagen Grp. of Am., Inc.*, 28 F.4th 1203, 1211-13 (Fed. Cir. 2022) (contractual standards for store "appearance and use of signs and brand logos" insufficient for venue). Instead, the provisions on Best Buy's use of Apple's trademarks and trade dress reflect Apple's obligation to police its brand. *See* Ex. G §4.2 [REDACTED] §3 [REDACTED]; Ex. H at Exhibit B [REDACTED]; Ex. I ¶1 [REDACTED]; *see also Ky. Fried Chicken Corp. v. Diversified Packaging Corp.*, 549 F.2d 368, 387 (5th Cir. 1977) (analyzing licensor's control over trademarks); 15 U.S.C. § 1064(5).

ACT ignores Best Buy's control over the Apple Shops. Best Buy—not Apple—determines whether (if at all) to have an Apple Shop and where to locate it within Best Buy's stores. Mot. 5-6. Best Buy hires its own employees, determines hours of operation, owns and maintains fixtures, manages inventory, sets prices, restocks the Apple Shops, and makes all sales in its stores. *Id*. Best Buy's actions—not Apple's—mirror those the Court found persuasive of control in *Tinnus Enterprises, LLC v. Telebrands Corp.*, No. 17-cv-170 2018 WL 4524119, at *1-2 (E.D. Tex. May 1, 2018) (attributing section of store to defendant, who contracted with third parties to "move[]

[1] For this same reason, Apple Stores do not have the look and feel of Best Buy's Apple Shops.

products from the back room to the store shelves," and to "monitor, clean, restock, and affix price signage"). Best Buy's ability to unilaterally close stores evidences its control—and Apple's lack of control—over Apple Shops. *See In re ZTE (USA) Inc.*, 890 F.3d 1008, 1015 (Fed. Cir. 2018). Contrary to ACT's argument, Apple's contractual agreement [redacted] [redacted] does not establish Apple's control over Best Buy's Apple Shops. *See* Ex. G §§6.3, 8.2; Ex. J at Exhibit A-2 §1(a). Instead, these provisions reflect Apple's protection of its brand and are insufficient to establish venue. *See Volkswagen*, 28 F.4th at 1211 (contractual provisions related to sales, such as minimum inventory, did not "evidence any control over the sales process itself").

**C. Neither Apple's employees nor its alleged Best Buy agents support that Apple Shops are Apple's places of business**

ACT incorrectly argues that the limited presence of Apple's employees in Best Buy's Apple Shops means that Apple Shops are Apple's places of business. First, Apple's presence is not "regular." Opp. 19. Apple employees are not present during all business hours and only serve as an additional resource for Apple Shops staffed by Best Buy employees. *See* Dec. 8, 2024 Calhoun Jemmings Decl. ¶¶4-7; Ex Y. Second, ACT cites no case showing that such presence suffices to show a regular and established place of business. Opp. 19.[2] And ACT does not address that in fact, this Court has found such limited presence insufficient. *Fractus, S.A. v. ZTE Corp.*, No. 17-cv-561, 2018 WL 11363369, at *2 (E.D. Tex. Sept. 28, 2018) (holding presence of defendant's two employees 3-4 days per week at call center staffed and controlled by call center's employees is "insufficient on its own to convert" call center into place of business of defendant).

Even if Apple's employees were regularly present in Best Buy's Apple Shops, such presence alone is insufficient. *See In re Cray, Inc.*, 871 F.3d 1355, 1363 (Fed. Cir. 2017) (requiring

---

[2] ACT cites *In re Google*, which provides no guidance on what is "regular" presence, since "no Google employee conduct[ed] business" in the district. 949 F.3d 1338, 1345 (Fed. Cir. 2020).

the business to "be a place *of the defendant*, not solely a place of the defendant's employee"). Rather, to satisfy the third *Cray* factor, their presence must indicate of a level of control. *See id.*; *Google*, 949 F.3d at 1346-47 (instructing courts to consider whether third-party employees partake in defendant's business or merely perform ancillary tasks). ACT asserts that, even though Apple employees "do not conduct transactions," they "conduct Apple's business in Apple Shops" by "educating people about Apple's products and helping customers choose an Apple product." Opp. 19. But ACT cites no case indicating that such training activities qualify as "attributes of possession or control over the place" or otherwise indicate that Best Buy Apple Shops are Apple's places of business. *See id*. Indeed, this Court has found the opposite. *See 4WEB, Inc. v. NuVasive, Inc.*, No. 23-cv-192, 2024 WL 1932416, at *1-2 (E.D. Tex. May 2, 2024) (presence of NuVasive's employees "in surgery centers and hospitals to train physicians and staff how to use the Accused Products" did not indicate that "the hospitals and surgery centers are places of NuVasive").

ACT also fails to show that Apple has sufficient direction or control over Best Buy's employees for an agency relationship. *See* Opp. 20-21. [REDACTED] Ex. F §24.1 [REDACTED] *see* *Volkswagen*, 28 F.4th at 1212. And none of ACT's examples, including [REDACTED] changes that conclusion, *see* Opp. 20-21, because an agency relationship requires "interim control," or the power to give interim instructions. *Volkswagen*, 28 F.4th at 1209-10 (distinguishing principal/agent relationship from contractual relationship). Apple does not direct the day-to-day, real-time activities of Best Buy's employees or provide "step-by-step instructions" for the sale of Apple's Products, meaning it has no interim control. *Supra* Section I.B; Dec. 8, 2024 Calhoun Jemmings Decl. ¶8; *see also Volkswagen*, 28

F.4th at 1211-12 (no interim control despite contractual provisions concerning employment of certain types of employees, minimum inventory, compliance with standards for appearance and use of signs and logos, training sessions, and sales reports); *Wireless Protocol Innovations, Inc. v. TCT Mobile (US) Inc.*, No. 15-cv-918, 2023 WL 4626659, at *12 (E.D. Tex. July 19, 2023) (holding "adherence to [defendant's] quality control standards" insufficient to show interim control). Ultimately, the Vendor Agreement simply creates a distributor/supplier arrangement, not an agency relationship, and does not suggest that Apple controls Best Buy's Apple Shops.

**D. Best Buy's Apple Shops differ from Apple Stores**

ACT does not dispute that Apple performs different activities for its Apple Stores than for Best Buy's Apple Shops, including leasing storefronts, owning merchandise, controlling inventory, providing security, setting hours, making sales, and repairing Apple products. *Compare* Mot. 22, *with* Opp. 21-22. Instead, without citing case law, ACT improperly shifts the analysis to customer perceptions, Opp. 21-22, rather than the "nature and activity" of Apple Stores and Best Buy's Apple Shops as required under the law, *Cray*, 871 F.3d at 1364. Nor does ACT provide any evidence of actual customer perception, relying instead on attorney speculation. Opp. 21-22.

## II. IN THE ALTERNATIVE, ACT'S CONSOLIDATED CASES SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA

**A. The private interest factors weigh in favor of transfer**

***Relative ease of access to sources of proof.*** The Northern District of California has easier access to sources of proof than this District. Contrary to ACT's assertion that Apple provided only "vague and unsupported assertions," Opp. 23, seven Apple employees attested that Apple documents (and source code) relating to the accused functionality and Apple's patent licenses are in and near the Northern District of California, Mot. 7-9, 24. *See also Evolutionary Intel. LLC v. Yelp, Inc.*, No. 12-cv-794, 2013 WL 12157562, at *4 (E.D. Tex. July 21, 2013) (Craven, Mag.) (general identification of "development documents and source code" and location of documents

for engineering, sales, and other groups supported transfer). This weighs strongly in favor of transfer. Mot. 24; *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020). That some records are electronic does not negate this, especially given that Apple's knowledgeable custodians with access to these records are in and near the Northern District. *See In re TikTok, Inc.*, 85 F.4th 352, 359 (5th Cir. 2023); *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021); Mot. 9, 24-25. While ACT asserts its records are in this District, ACT does not deny that ACT's Managing Director, Mr. Sharma, lives and works in the Northern District of California and that ACT's sources of proof are accessible there. *See* Opp. 22; Mot. 3, 25. Nor does ACT dispute that Broadcom's and Qualcomm's sources of proof relating to accused functionality are in and near the Northern District. *See* Mot. 25; Opp. 22-24.

ACT's alleged third party sources of proof do not change the result. As to RFCyber, Jawbone, AGIS, and Zhongli He, ACT relies on its initial disclosures, rather than evidence, to support their location and relevance. *See* Opp. 24; Ex. 6 at 12 [REDACTED] . These attorney statements carry no weight.[3] *See Bianco v. Globus Med., Inc.*, No. 12-cv-147, 2014 WL 61071, *3 (E.D. Tex. Jan. 6, 2014) (refusing to credit "assertion of counsel, unsupported by evidence"). As to JVCKenwood, AOM, and unspecified third parties, neither forum is more or less convenient for their sources of proof located outside both districts. *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2019). For example, AOM's publicly available AV1 specifications and source code are easily accessible in both districts. Exs. Z, AA.

***Compulsory process.*** ACT does not dispute that the Northern District of California can compel Broadcom and Qualcomm employees, who have relevant knowledge about the accused functionality not otherwise available to Apple or ACT. Mot. 7-8, 26. ACT presents no evidence these are willing witnesses. "[W]hen there is no indication that a non-party witness is willing, the

[3] These errors also undermine ACT's arguments on the compulsory process factor. *See* Opp. 25.

witness is presumed to be unwilling and considered under the compulsory process factor." *In re DISH Networks, LLC,* No. 2021-182, 2021 WL 4911981, at *3 (Fed. Cir. Oct. 21, 2021).

ACT's attempts to identify witnesses subject to this Court's subpoena power fall short. *See* Opp. 25-26. First, ACT relies on conclusory and speculative attorney statements regarding relevance. *See id*. For example, the AGIS, RFCyber, and Jawbone lawsuits against Apple concern different technology than here. *See Jawbone Innovations, LLC v. Apple Inc.*, No. 21-cv-984 (W.D. Tex. Sept. 23, 2021), Dkt. 1 ¶¶9-18 (noise-suppression technology); *RFCyber Corp. v. Apple, Inc.*, No. 21-cv-916 (W.D. Tex. Sept. 7, 2021), Dkt. 1 ¶¶7-12 (contactless payments); *AGIS Software Dev. LLC v. Apple Inc.*, No. 17-cv-516 (E.D. Tex. June 21, 2017), Dkt. 1 ¶¶6-9 (digital networks and remote communications). Any resulting settlement is thus not comparable. Similarly, contrary to ACT's claims of relevance, Fyodor Kyslov [REDACTED] [REDACTED]. Decl. of Davide Concion ¶5. Second, ACT has not adequately shown the location of these witnesses. According to ACT, Mr. Kyslov may be in Austin or San Francisco, subject to compulsory process in the Northern District of California. Ex. 9 at 1-2. And if [REDACTED] [REDACTED] are relevant, such information should be sought from Samsung Electronics America, based in New Jersey, outside the subpoena power of either forum. Ex. DD. [REDACTED] [REDACTED] [REDACTED] Exs. BB, CC. Because [REDACTED] may be willing to appear it should not be evaluated under the compulsory process factor.

This factor favors of transfer given Broadcom's and Qualcomm's anticipated testimony on the accused functionality (or, at most, is neutral if the Court credits ACT's third-party witnesses).

***Cost of attendance for willing witnesses.*** ACT does not dispute that the Northern District of California is much more convenient for Apple's witnesses than this District. Apple identified

---

[4] ACT identifies no knowledgeable Texas-based [REDACTED] witness. *See* Opp. 25; Ex. 7 at 13-14.

eight California-based witnesses with relevant information for Apple's defenses and for damages. Mot. 27. Apple need not allege that each will testify for their convenience to be considered. *See Genentech*, 566 F.3d at 1343 (requiring potential witness to have relevant, material information). Apple does not have any Texas-based witnesses with relevant information, [redacted] Decl. of Yuriy Platoshyn ¶¶3-8; *see also* Mot. 7-10; Decl. of Dave Wilson ¶¶4-5 [redacted]; Decl. of Afshin Nourivand ¶¶4-6 [redacted]

While ACT asserts that this District is convenient for Mr. Sharma (the only ACT employee identified as having relevant knowledge), ACT does not deny that he lives a short drive from the court in the Northern District of California and that he works as ACT's Managing Director from his home. *See* Mot. 27; Opp. 26-27; *see also* Ex. 6 at 10-12. ACT's assertion that [redacted] fails to account for his other costs if the case proceeds in this District, such as flights, rental car, hotel, and meals.[5] ACT identifies [redacted] *See* Opp. 27. Even crediting ACT's assertions, the convenience of this District for Mr. Sharma and [redacted] does not outweigh the much greater convenience of the Northern District of California for Apple's witnesses and its relative convenience for Mr. Sharma. *See TikTok*, 85 F.4th at 362.

***Practical problems.*** Judicial economy considerations cannot "undermine the clear case for transfer in light of the imbalance on the other factors." *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023); *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021). ACT's other cases involve different defendants and accused products. *See* Dkt. 1; *ACT v. Google LLC*, No. 24cv353

[5] That trial costs vary for both parties between the forums does not negate the convenience of the Northern District of California for both parties' witnesses.

(E.D. Tex. Aug. 2, 2024), Dkt. 23; *ACT v. LG*, No. 22cv501 (E.D. Tex. Jan. 1, 2023), Dkt. 9. Here, judicial economy is insufficient to outweigh other factors favoring transfer. *See In re Planned Parenthood Fed'n of Am.*, 52 F.4th 625, 632 n.5 (Fed. Cir. 2022); *DISH*, 2021 WL 4911981 at *4.

### B. The public interest factors weigh in favor of transfer

***Local interest.*** This factor does not consider "the parties' significant connections to each forum," but rather "the significant connections between a particular venue and the events that gave rise to a suit." *In re Clarke*, 94 F.4th 502, 511 (5th Cir. 2024). ACT's arguments commit the error *Clarke* warns against. Additionally, ACT's arguments focus on Apple's connection with Austin, not connections with this District. Opp. 29. ACT offers no evidence of the connection between this District and the events giving rise to this suit, and does not dispute the significant connection between the Northern District of California and the design, development, and incorporation of the accused functionalities into Apple's products. Opp. 29; Mot. 7-9, 28. This factor favors transfer.

***Court congestion.*** ACT does not dispute that as a non-practicing entity, its case lacks urgency. Opp. 29. Despite the slightly faster time to trial here, this factor is neutral. Mot. 29.

## III. VENUE DISCOVERY IS UNNECESSARY

Apple has not "intentionally withheld information." Opp. 30. Apple does not dispute that its employees have a limited presence at Best Buy stores in the District. Mot. 16. Apple has clarified the schedule of its ASCs and Lead ASCs, Dec 8, 2024 Calhoun Jemmings Decl. ¶¶4-6, and has identified [REDACTED], Platoshyn Decl. ¶¶3-7. ACT has identified no other outstanding issues relevant to this motion.

## IV. CONCLUSION

For the foregoing reasons, Apple respectfully submits that these consolidated cases should be dismissed or, in the alternative, transferred to the Northern District of California.

Dated: December 9, 2024

Respectfully submitted,

By: */s/ Melissa R. Smith*

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

James R. Batchelder
(CA Bar No. 136347)
(Eastern District of Texas Member)
Shong Yin
(CA Bar No. 319566)
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090
James.Batchelder@ropesgray.com
Shong.Yin@ropesgray.com

Steven Pepe
(NY Bar No. 2810430)
Kevin J. Post
(NY Bar No. 4382214)
Alex Middleton
(NY Bar No. 4797114)
Lance Shapiro
(NY Bar No. 5397955)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Steve.Pepe@ropesgray.com
Kevin.Post@ropesgray.com
Lance.Shapiro@ropesgray.com

Kathryn Thornton
(D.C. Bar No. 198591)
Ryan Brunner

(DC Bar No. 241467)
**ROPES & GRAY LLP**
2099 Pennsylvania Avenue, N.W.
Washington DC 2006-6807
Telephone: (202) 508-4600
Facsimile: (202) 508-4888
Kathryn.Thornton@ropesgray.com
Ryan.Brunner@ropesgray.com

**COUNSEL FOR DEFENDANT APPLE INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 9, 2024, to all counsel of record via email.

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned hereby certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Melissa R. Smith*
Melissa R. Smith