# EXHIBIT 7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ADVANCED CODING TECHNOLOGIES, LLC, | § § § § | Case No. 2:24-cv-00572-JRG (LEAD CASE) |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| APPLE INC., | § § | |
| Defendant. | § § § | |
| ADVANCED CODING TECHNOLOGIES, LLC, | § § § | Case No. 2:24-cv-00687-JRG (MEMBER CASE) |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| APPLE INC., | § § | |
| Defendant. | § § § | |

## DEFENDANT APPLE INC.'S
## FIRST AMENDED INITIAL AND ADDITIONAL DISCLOSURES

Pursuant to Paragraphs 1 and 3 of the Court's Discovery Order, Defendant Apple Inc. ("Apple") provides the following First Amended Initial and Additional Disclosures ("Disclosures"). These Disclosures are based on information reasonably available to Apple at this time and at this stage of the proceedings. Apple's investigation into Plaintiff Advanced Coding Technologies LLC's ("ACT") allegations is ongoing, and Apple expressly reserves the right to amend, modify, supplement, or update these Disclosures, pursuant to Federal Rule of Civil Procedure 26(e). By making these Disclosures, Apple does not represent that it is identifying every

document, item of electronically stored information, tangible thing, or witness that might be relevant to the claims and defenses asserted in this action. Rather, Apple's Disclosures represent a good-faith effort to identify information that Apple reasonably believes to be relevant to its defenses.

Further, Apple does not, by providing these Disclosures, waive any objection it may have, now or the in the future, to any discovery in this action. Apple expressly reserves any and all objections, including: (a) to the production, relevance, or admissibility of any document or tangible thing disclosed on the basis of privilege, work-product immunity, relevance, competence, materiality, hearsay, undue burden, proportionality to the needs of the case, or any other proper ground of objection; (b) to the use of any such information, for any purpose, in whole or in part, in this action or any other action; or (c) on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to these Disclosures or their subject matter in this action or any other action.

Apple expressly reserves the right to identify or call as witnesses other individuals in addition to those identified herein, and to identify additional documents, electronically stored information, and/or tangible things, if it discovers that such individuals have or might have knowledge of matters relevant to this action or that such additional documents, electronically stored information, and/or tangible things are relevant to this action. Apple also expressly reserves the right to identify or call expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2) and the Court's Docket Control Order.

Concurrent with these Disclosures, Apple is producing materials pursuant to its obligations under Paragraph 3 of the Discovery Order, and will supplement these productions as necessary or appropriate, as discovery and investigation proceed.

## I. INITIAL DISCLOSURES PURSUANT TO PARAGRAPH 1 OF THE DISCOVERY ORDER

### (a) The Correct Names of the Parties to the Lawsuit

The correct name of Defendant Apple is:  Apple Inc.

Regarding the correct name of the Plaintiff, Apple refers to ACT's Complaints[1] and disclosures in the above-captioned actions.  The Plaintiff identifies itself as Advanced Coding Technologies LLC.

### (b) The Name, Address, and Telephone Number of Any Potential Parties

Apple is not currently aware of any additional potential parties to this lawsuit.  Because the identities of potential parties may be revealed through discovery in this matter, Apple specifically reserves the right to identify and seek to join potential parties as discovery proceeds, if necessary.

### (c) The Legal Theories and, in General, the Factual Bases of the Disclosing Party's Claims or Defenses

Apple is currently aware of the legal theories and factual bases of its claims and defenses listed below.  Apple has not yet filed an Answer under Federal Rule of Civil Procedure 12 in this case but incorporates by reference any responses and defenses that will be asserted therein. Discovery is ongoing, and Apple reserves the right to assert additional defenses.  Apple also reserves the right to modify or supplement its theories and/or the factual bases for its defenses.

1.     **Non-Infringement.**  Apple has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of any of U.S. Patent Nos. 8,090,025 (the "'025 Patent"); 9,986,303 (the "'303 Patent"); 10,218,995 (the "'995 Patent"); U.S. Patent No. 9,042,448 (the "'448 Patent"); U.S. Patent No. 8,230,101 (the "'101 Patent"); or U.S.

---

[1] The Complaints refer to Dkt. No. 1 filed in each of the lead case (Case No. 2:24-cv-000572-JRG) and related case (Case No. 2:24-cv-000687-JRG) prior to consolidation.

Patent No. 7,804,891 (the "'891 Patent") (collectively, the "Asserted Patents"). Apple does not manufacture, use, import, sell, or offer to sell in the United States any product that includes every element of any asserted claim of the Asserted Patents, or an equivalent, to the extent that ACT is entitled to any equivalent. Specifically, the accused Apple products (and the operation thereof) are missing or do not perform one or more elements or steps required by the asserted claims of the Asserted Patents. Further, Apple products have substantial non-infringing uses. Apple also does not contribute to or induce another's infringement, and Apple has no intent to induce any alleged infringement. Moreover, at least because Apple cannot be liable for infringement of any claims, Apple cannot be liable for willfully infringing the Asserted Patents.

2. **Invalidity.** The asserted claims of the Asserted Patents are invalid, including under at least 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 132, 251, 256, and/or 282. Apple will provide detailed invalidity contentions, prior art, and expert reports on invalidity in the time and manner provided in the Local Patent Rules for the Eastern District of Texas and the Court's orders, all of which are incorporated by reference.

3. **Prosecution History Estoppel and/or Disclaimer.** ACT is estopped from arguing for a construction of any valid claim of the Asserted Patents to be infringed by or cover, either literally or under the doctrine of equivalents, any components or products manufactured, used, imported, sold, or offered for sale by Apple, or methods used by Apple, because ACT or a predecessor-in-interest for the Asserted Patents made admissions, omissions, arguments, amendments, representations, disclaimers, disavowals, and/or statements to the USPTO during prosecution of the applications leading to the issuance of the Asserted Patents or related family members and/or during *inter partes* review or re-examination proceedings of the Asserted Patents or related family members.

4.      **Limitation on Damages.**  To the extent ACT is entitled to any recovery under the Asserted Patents, ACT's recovery is limited under 35 U.S.C. § 286 and because of ACT's failure to comply with § 287 and/or § 288.  To the extent ACT, its predecessors, and/or any licensees of any of the Asserted Patents failed to comply with the notice and/or marking requirements set forth in 35 U.S.C. § 287, ACT is not entitled to damages or any other remedy under 35 U.S.C. §§ 284 or 285 for each such Asserted Patent prior to complying with the requirements or providing Apple actual notice of its alleged infringement.  Further, to the extent ACT failed to comply with 35 U.S.C. § 288, ACT is barred from recovering costs associated with this action.

5.      **No Willful Infringement.**  ACT is not entitled to a finding of willful infringement or to enhanced damages under 35 U.S.C. § 284 because Apple has not intentionally, willfully, or deliberately infringed any claim of the Asserted Patents, or engaged in any egregious conduct.

6.      **No Exceptional Case Against Apple.**  ACT is not entitled to attorney fees and costs pursuant to 35 U.S.C. § 285.

7.      **Exceptional Case by ACT.**  Apple should receive its attorney fees and costs pursuant to 35 U.S.C. § 285, as this is an exceptional case.  Apple will provide computations of such costs at an appropriate time.

8.      **Claim Preclusion and/or Collateral Estoppel.**  ACT is barred from raising claims and/or issues (including, without limitation, claim construction and invalidity) that have been litigated under the doctrines of claim preclusion and/or collateral estoppel.

9.      **Equitable Defenses.**  To the extent ACT is entitled to any relief under the Asserted Patents, ACT's recovery is limited, in whole or in part, by the equitable doctrines of estoppel, waiver, acquiescence, patent misuse, unclean hands, prosecution laches, misconduct, unfair competition, and/or other applicable doctrines.

10.     **Lack of Entitlement to Injunctive Relief.**  To the extent ACT is entitled to any relief, ACT is not entitled to injunctive relief because it has not and will not suffer any irreparable injury, remedies available at law are adequate to compensate any alleged injury, the balance of hardships does not favor an injunction, and the public interest would be disserved by an injunction. ACT does not compete with Apple in sales of products accused of practicing the Asserted Patents.

11.     **License, Implied License, Exhaustion, and/or First Sale.**  ACT's claims of infringement are barred or limited to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Apple or are imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to the Asserted Patents, and/or under the doctrines of exhaustion, first sale, or full compensation.

12.     **Lack of Standing.**  To the extent that ACT does not own all substantial rights in the Asserted Patents, ACT lacks standing to pursue those claims against Apple.

13.     **Improper Venue.**  Venue is improper in the Eastern District of Texas under 28 U.S.C. § 1400(b), because Apple does not reside in this District and does not have a regular and established place of business in this District.  The "Best Buy locations" on which ACT relies in its Complaints are not regular and established places of business of Apple because, without limitation, they do not belong to Apple and Apple does not exercise possession or control over them.

**(d)     The Name, Address, and Telephone Number of Persons Having Knowledge of Relevant Facts, a Brief Statement of Each Identified Person's Connection with the Case, and a Brief, Fair Summary of the Substance of the Information Known by Any Such Person**

Based on information currently available to Apple after reasonable investigation, Apple is currently aware of the following persons likely to have discoverable information that Apple may use to support its claims or defenses in this action.  Apple anticipates that other individuals may also have discoverable information and specifically reserves the right to identify additional

individuals as discovery proceeds. Apple does not waive its right to object, pursuant to the applicable Local and Federal Rules, to discovery of information from any of the individuals listed below, including without limitation by deposition or otherwise, based on the attorney-client privilege, work product immunity, or both. By indicating the general subject matter of information an individual may possess, Apple does not limit its right to call that individual to testify concerning other subjects or agree that all topics within a subject matter would be relevant. Apple's identification of an individual in these Disclosures is not a representation by Apple regarding whether such individual will appear at trial. Apple does not consent to or authorize ACT or its attorneys to communicate with anyone who is identified as an Apple employee or former employee, or with individuals with privileged information; such individuals should be contacted through Apple's undersigned attorneys.

| Name and Contact Information (if known) | Connection with Case | Area(s) of Knowledge |
|---|---|---|
| Satoru Sakazume<br>On information and belief, located in Kanagawa-ken, Japan. | Named inventor of the '025 Patent, '995 Patent, and '448 Patent. | Information related to the '025 Patent, '995 Patent, and '448 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, and scope of the inventions claimed in and prosecution of those patents and related patents and applications. |
| Hideki Takehara<br>On information and belief, located in Yokohama, Japan. | Named inventor of the '303 Patent. | Information related to the '303 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, and scope of the inventions claimed in and prosecution of that patent and related patents and applications. |

| Name and Contact Information (if known) | Connection with Case | Area(s) of Knowledge |
|---|---|---|
| Motoharu Ueda<br><br>On information and belief, located in Yokohama, Japan. | Named inventor of the '303 Patent. | Information related to the '303 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, and scope of the inventions claimed in and prosecution of that patent and related patents and applications. |
| Satoru Sekiguchi<br><br>On information and belief, located in Hachiouji, Japan. | Named inventor of the '101 Patent. | Information related to the '101 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, and scope of the inventions claimed in and prosecution of that patent and related patents and applications. |
| Yoshio Sonoda<br><br>On information and belief, located in Sagamihara, Japan. | Named inventor of the '101 Patent. | Information related to the '101 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, and scope of the inventions claimed in and prosecution of that patent and related patents and applications. |
| Isao Nakamura<br><br>On information and belief, located in Yokohama, Japan. | Named inventor of the '101 Patent. | Information related to the '101 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, and scope of the inventions claimed in and prosecution of that patent and related patents and applications. |
| Masamichi Furukawa<br><br>On information and belief, located in Hachiouji, Japan. | Named inventor of the '101 Patent. | Information related to the '101 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, and scope of the inventions claimed in and prosecution of that patent and related patents and applications. |

| Name and Contact Information (if known) | Connection with Case | Area(s) of Knowledge |
|---|---|---|
| Yoshihia Mashita<br><br>On information and belief, located in Kodaira, Japan. | Named inventor of the '101 Patent. | Information related to the '101 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, and scope of the inventions claimed in and prosecution of that patent and related patents and applications. |
| Tomoaki Yoshida<br><br>On information and belief, located in Hino, Japan. | Named inventor of the '101 Patent. | Information related to the '101 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, and scope of the inventions claimed in and prosecution of that patent and related patents and applications. |
| Masahito Watanabe<br><br>On information and belief, located in Sagamihara, Japan. | Named inventor of the '101 Patent. | Information related to the '101 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, and scope of the inventions claimed in and prosecution of that patent and related patents and applications. |
| Taichi Majima<br><br>On information and belief, located in Hachiouji, Japan. | Named inventor of the '891 Patent. | Information related to the '891 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, and scope of the inventions claimed in and prosecution of that patent and related patents and applications. |

| Name and Contact Information (if known) | Connection with Case | Area(s) of Knowledge |
|---|---|---|
| JVC Kenwood Corporation (and/or predecessors Victor Company of Japan, Ltd., Kabushiki Kaisha Kenwood, and Kenwood Corporation)<br><br>On information and belief, located at:<br><br>12, Moriya-Cho 3-Chome Kanagawa-ku, Yokohama-shi Kanagawa-ken, Japan 221-0022 | Previous assignee of the Asserted Patents. | Information related to the Asserted Patents, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, scope, sale, offer to sell, use, ownership, licensing, and/or commercialization of the inventions claimed in and prosecution of the Asserted Patents and related patents and applications; valuation of the Asserted Patents; ACT's acquisition of and rights in the Asserted Patents. |
| Renner, Kenner, Greive, Bobak, Taylor & Weber Co. LPA<br><br>On information and belief, located at:<br><br>106 S Main St.<br>Akron, Ohio 44308<br>(330) 376-1242 | Named prosecution firm for the '025 Patent. | Information related to the '025 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, scope, sale, offer to sell, use, ownership, licensing, and/or commercialization of the inventions claimed in and prosecution of that patent and related patents and applications; ACT's acquisition of and rights in the '025 Patent. |
| Venable LLP<br><br>On information and belief, located at:<br><br>600 Massachusetts Ave NW Washington, DC 20001<br>(202) 344-8300 | Named prosecution firm for the '303 Patent. | Information related to the '303 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, scope, sale, offer to sell, use, ownership, licensing, and/or commercialization of the inventions claimed in and prosecution of that patent and related patents and applications; ACT's acquisition of and rights in the '303 Patent. |

| Name and Contact Information (if known) | Connection with Case | Area(s) of Knowledge |
|---|---|---|
| Nath, Goldberg & Meyer<br><br>On information and belief, located at:<br><br>112 S. West Street<br>Alexandria, VA<br>(703) 548-6284 | Named prosecution firm for the '995 Patent and '448 Patent. | Information related to the '995 Patent and '448 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, scope, sale, offer to sell, use, ownership, licensing, and/or commercialization of the inventions claimed in and prosecution of those patents and related patents and applications; ACT's acquisition of and rights in the '995 Patent and '448 Patent. |
| Robinson Intellectual Property Law Office, P.C.<br><br>On information and belief, located at:<br><br>3975 Fair Ridge Drive<br>Suite 20 North<br>Fairfax, VA 22033<br>(571) 434-6789 | Named prosecution firm for the '101 Patent and '891 Patent. | Information related to the '101 Patent and '891 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, scope, sale, offer to sell, use, ownership, licensing, and/or commercialization of the inventions claimed in and prosecution of those patents and related patents and applications; ACT's acquisition of and rights in the '101 Patent and '891 Patent. |
| Wiggin and Dana LLP<br><br>On information and belief, located at:<br><br>437 Madison Ave., 35th Floor<br>New York, NY 10022<br>(212) 551-2843 | Law firm involved in offers for sale of certain patents owned by JVC Kenwood, including at least the '025 Patent. | Information related to the Asserted Patents, including without limitation the subject matter, scope, sale, offer to sell, use, ownership, licensing, and/or commercialization of the inventions claimed in the Asserted Patents and related patents and applications; valuation of the Asserted Patents; ACT's efforts to license certain of the Asserted Patents. |

| Name and Contact Information (if known) | Connection with Case | Area(s) of Knowledge |
|---|---|---|
| Sariel Engel<br><br>On information and belief, located in London, United Kingdom. | Patent broker involved in offers for sale of certain patents owned by JVC Kenwood, including at least the '303 Patent, '448 Patent, '101 Patent, and '995 Patent. | Information related to the Asserted Patents, including without limitation the subject matter, scope, sale, offer to sell, use, ownership, licensing, and/or commercialization of the inventions claimed in the Asserted Patents and related patents and applications; valuation of the Asserted Patents; ACT's efforts to license certain of the Asserted Patents. |
| Advanced Coding Technologies LLC<br><br>On information and belief, located at:<br><br>104 East Houston Street<br>Suite 140<br>Marshall, TX 75670 | Plaintiff | Information related to the Asserted Patents, including without limitation the subject matter, scope, sale, offer to sell, use, ownership, licensing, and/or commercialization of the inventions claimed in the Asserted Patents and related patents and applications; ACT's acquisition of and rights in the Asserted Patents; allegations of infringement of the Asserted Patents; invalidity and unenforceability of the Asserted Patents; licenses and settlement agreements related to the Asserted Patents.<br><br>Information related to ACT's business activities, including without limitation ACT's communications, relationships with other parties, beneficial owner(s), controlling entit(y/ies), business plans, strategies, structure, history, finances, litigation, and licensing practices. |

| Name and Contact Information (if known) | Connection with Case | Area(s) of Knowledge |
|---|---|---|
| Deepak Sharma<br><br>On information and belief, located at:<br><br>22836 Poplar Grove Square<br>Cupertino, CA 95014 | Managing Director of ACT. | Information related to ACT's business activities, including without limitation ACT's communications, relationships with other parties, beneficial owner(s), controlling entit(y/ies), business plans, strategies, structure, history, finances, litigation, and licensing practices. |
| Anjay Technology Partners LLC<br><br>On information and belief, located at:<br><br>104 East Houston Street<br>Suite 180<br>Marshall, TX 75670 | Potential funder and/or controlling entity of ACT. | Information related to ACT's business activities, including without limitation ACT's communications, relationships with other parties, beneficial owner(s), controlling entit(y/ies), business plans, strategies, structure, history, finances, litigation, and licensing practices. |
| Anjay Venture Partners LLC<br><br>On information and belief, located at:<br><br>22836 Poplar Grove Square<br>Cupertino, CA 95014 | Potential funder and/or controlling entity of ACT. | Information related to ACT's business activities, including without limitation ACT's communications, relationships with other parties, beneficial owner(s), controlling entit(y/ies), business plans, strategies, structure, history, finances, litigation, and licensing practices. |
| ██████████████ | ████ | ██████████████ |

| Name and Contact Information (if known) | Connection with Case | Area(s) of Knowledge |
|---|---|---|
| ████████████ ████████████████ | ██████ ███ █ | █████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ █████████████ |
| Naoki Saito<br><br>On information and belief, located in Davis, California. | Author of prior art publication for at least the '025 Patent. | Prior art and state of the art for the Asserted Patents, including at least the '025 Patent. |
| Qualcomm Incorporated<br><br>On information and belief, located at:<br><br>575 Morehouse Drive<br>San Diego, CA 92121<br>(858) 587-1121 | Supplier of components to Apple for certain accused products. | The design, operation, and development of components, including chipsets, related to 5G functionality incorporated in the products accused of infringing the Asserted Patents; prior art and state of the art for the Asserted Patents. |
| Universal Scientific Industrial Global<br><br>On information and belief, located at:<br><br>No.1558, Zhang Dong Rd.<br>Pudong New Area, Shanghai 201203, China | Supplier of components to Apple for certain accused products. | The design, operation, and development of components, including modules, related to Wi-Fi 6 functionality incorporated in the products accused of infringing the Asserted Patents; prior art and state of the art for the Asserted Patents. |
| Broadcom Inc.<br><br>On information and belief, located at:<br><br>3421 Hillview Ave<br>Palo Alto, CA 94304<br>(650) 427-6000 | Supplier of components to Apple for certain accused products. | The design, operation, and development of components, including chipsets, related to Wi-Fi 6 functionality incorporated in the products accused of infringing the Asserted Patents; prior art and state of the art for the Asserted Patents. |

| Name and Contact Information (if known) | Connection with Case | Area(s) of Knowledge |
|---|---|---|
| Authors, publishers, and custodians of prior art materials to be identified in Apple's invalidity contentions or known to ACT and/or third parties. | Persons with knowledge of prior art for the Asserted Patents. | Prior art and state of the art; invalidity of the Asserted Patents; authenticity, publication, date, and other facts related to prior art systems and references. |
| Officers or employees of companies that have entered into license agreements with ACT. | Persons with knowledge of licensing of the asserted patents. | Licenses and settlement agreements related to the Asserted Patents. |
| Stephanie Calhoun Jemmings<br><br>To be contacted through the undersigned counsel. | Apple employee | Roles and responsibilities of Apple employees within Best Buy stores. |
| Stephanie Dockendorf<br><br>To be contacted through the undersigned counsel. | Apple employee | Apple's role in the installation and operation of Apple Shops within Best Buy stores. |
| Jack Leslie<br><br>To be contacted through the undersigned counsel. | Apple employee | Apple's shipment of inventory to Best Buy. |
| Krasimir Kolarov<br><br>To be contacted through the undersigned counsel. | Apple employee | Apple's involvement with and participation in the Alliance for Open Media (AOM); Apple patents, patent applications, publications, and/or prior art products relating to the accused products and/or the subject matter of the Asserted Patents. |
| Guy Cote<br><br>To be contacted through the undersigned counsel. | Apple employee | Location of Apple teams working on AV1 functionality. |

| Name and Contact Information (if known) | Connection with Case | Area(s) of Knowledge |
|---|---|---|
| Muthukumaran Dhanapal<br><br>To be contacted through the undersigned counsel. | Apple employee | Design, operation, and development of aspects of certain accused products relating to the integration of 5G functionality in Apple's products; location of Apple teams working on integration of 5G functionality in Apple's products; Apple patents, patent applications, publications, and/or prior art products relating to the accused products and/or the subject matter of the Asserted Patents. |
| Tushar Shah<br><br>To be contacted through the undersigned counsel. | Apple employee | Design, operation, and development of aspects of certain accused products relating to the integration of Wi-Fi 6 functionality in Apple's products; location of Apple teams working on integration of Wi-Fi 6 functionality in Apple's products; Apple patents, patent applications, publications, and/or prior art products relating to the accused products and/or the subject matter of the Asserted Patents. |
| Keith Rauenbuehler<br><br>To be contacted through the undersigned counsel. | Apple employee | Design, operation, and development of aspects of certain accused products relating to the integration of HomeKit functionality in Apple's products; location of Apple teams working on HomeKit functionality; Apple patents, patent applications, publications, and/or prior art products relating to the accused products and/or the subject matter of the Asserted Patents. |
| Leland Wallace<br><br>To be contacted through the undersigned counsel. | Apple employee | Design, operation, and development of aspects of certain accused products relating to the integration of content caching functionality in Apple's products; location of Apple teams working on content caching functionality; Apple patents, patent applications, publications, and/or prior art products relating to the accused products and/or the subject matter of the Asserted Patents. |

| Name and Contact Information (if known) | Connection with Case | Area(s) of Knowledge |
|---|---|---|
| Roger Pantos<br><br>To be contacted through the undersigned counsel. | Apple employee | Design, operation, and development of aspects of certain accused products relating to the integration of HTTP Live Streaming functionality in Apple's products; location of Apple teams working on HTTP Live Streaming functionality; Apple patents, patent applications, publications, and/or prior art products relating to the accused products and/or the subject matter of the Asserted Patents. |
| Brian Ankenbrandt<br><br>To be contacted through the undersigned counsel. | Apple employee | Pre-suit communications with Longford Capital Management, LP; patent licensing and acquisition; location of Apple teams working on patent licensing and acquisition. |
| Catherine Spivak<br><br>To be contacted through the undersigned counsel. | Apple employee | Sales and other financial information related to the Apple products accused of infringing the Asserted Patents. |

Apple further incorporates by reference the individuals and entities identified in ACT's Initial and Additional Disclosures to the extent that they disclose individuals with knowledge relevant to Apple's defenses. Apple may also rely on persons who may be identified in documents produced by any party or non-party in connection with this action or any related actions to support its claims or defenses.

    **(e)**    **Any Indemnity and Insuring Agreements Under Which Any Person or Entity Carrying on an Insurance Business may be Liable to Satisfy Part or All of a Judgment Entered in this Action or to Indemnify or Reimburse for Payments Made to Satisfy the Judgment**

Based on information reasonably available at this time, Apple is not aware of any indemnity or insurance agreement meeting the criteria of ¶ 1(e) of the Discovery Order. Apple is currently investigating indemnity and insurance issues.

**(f) Any Settlement Agreements Relevant to the Subject Matter of this Action**

Based upon information reasonably available to Apple at this time, ACT may have entered into settlement agreements in at least the following cases that may be relevant to this action:

- ByteDance Ltd., ByteDance Pte. Ltd.; ByteDance Inc.; TikTok Pte. Ltd.; and/or TikTok Inc.:

    ° *Advanced Coding Technologies LLC v. ByteDance Ltd.*, Case No. 2:22-cv-00129-JRG (E.D. Tex.);

    ° *ByteDance Inc. v. Advanced Coding Technologies LLC*, Case No. 4:23-cv-01412-HSG (N.D. Cal.); and

    ° *TikTok Inc. v. Advanced Coding Technologies LLC*, Case Nos. IPR2022-01546, -01547, -01548 (P.T.A.B.);

- LG Electronics Inc. and/or LG Electronics U.S.A. Inc.:

    ° *Advanced Coding Technologies LLC v. LG Electronics Inc.*, Case No. 2:22-cv-00501-JRG (E.D. Tex.); and

- Samsung Electronics Co., Ltd. and/or Samsung Electronics America, Inc.:

    ° *Advanced Coding Technologies LLC v. Samsung Electronics Co., Ltd.*, Case No. 2:22-cv-00499-JRG (E.D. Tex.); and

    ° *Samsung Electronics Co., Ltd. v. Advanced Coding Technologies LLC*, Case Nos. IPR2023-00910, IPR2024-00062, -00245, -00327, -00372, -00374 (P.T.A.B.).

Based on information reasonably available at this time, Apple is not aware of any settlement agreement in its possession, custody, or control relevant to the subject matter of this litigation.

**(g) Any Statement of Any Party to the Litigation.**

Apple is not presently aware of any responsive statements by any party to this litigation other than those disclosed in: (1) the pleadings, disclosures, or other documents filed with the Court or served upon counsel of record in this litigation; (2) the pleadings, disclosures, and other documents filed or served by ACT in any related litigation; and (3) papers filed with the USPTO

during examination, reexamination, or post-grant proceeding of the Asserted Patents and any related patents.

## II. ADDITIONAL DISCLOSURES PURSUANT TO PARAGRAPH 3 OF THE DISCOVERY ORDER

### (a) Additional Disclosures Pursuant to Paragraph 3(a) of the Discovery Order

Apple will provide the disclosures required by the Patent Rules for the Eastern District of Texas, as modified by the Court's Discovery Order, pursuant to the deadlines set forth in the Court's Docket Control Order.

### (b) Additional Disclosures Pursuant to Paragraph 3(b) of the Discovery Order

Concurrent with these Disclosures, Apple is producing materials in its possession, custody, or control that are relevant to the pleaded claims or defenses involved in this action, pursuant to its obligations under Paragraph 3(b) of the Discovery Order. Apple will supplement these productions as necessary or appropriate, as discovery and investigation proceed, on a rolling basis in accordance with the Court's Discovery and Docket Control Orders.

Based on presently available information, Apple identifies the following categories of documents, electronically stored information, and tangible things in its possession, custody, or control, on which Apple may rely to support its defenses in this litigation. By providing this description, Apple does not waive, but expressly preserves, any and all objections to the relevance and admissibility of the documents.

1. The Asserted Patents, all related patents and patent applications, and all continuations and foreign counterparts of the Asserted Patents and related patents and patent applications; and the prosecution histories (including any reexamination or post-grant proceeding or foreign equivalent) for all such patents and patent applications.

2.      Documents relating to the inventorship, prosecution, assignment, and/or ownership of the Asserted Patents.

3.      Documents relating to the invalidity, ineligibility, or unenforceability of the Asserted Patents, including without limitation the prior art cited in the Asserted Patents or any other related applications, as well as other prior art to the Asserted Patents, and any Apple patents, patent applications, publications, and products, relating to the Accused Products and/or the subject matter of the Asserted Patents.

4.      Extrinsic evidence that may bear on claim construction, including without limitation dictionary definitions, learned treatises, prior art, and testimony of percipient and expert witnesses, to be identified by Apple by the dates set forth in the Docket Control Order.

5.      Documents relating to Apple's non-infringement of the Asserted Patents.

6.      Documents sufficient to show the design, operation, and development of the accused functionality in Apple's products accused of infringing the Asserted Patents, including Apple's patents and patent applications.

7.      Documents sufficient to show revenues, costs, sales, marketing, and profits of Apple's products accused of infringing the Asserted Patents and sold in the United States.

8.      Documents sufficient to identify accused products manufactured for, provided to, or used by the government of the United States.

9.      Documents relating to a reasonably royalty (if any) for Apple's products accused of infringing the Asserted Patents.

10.     Documents relating to pre-suit communications and/or licensing negotiations between Apple and ACT or any third party relating to the Asserted Patents.

11.     Documents and things relating to ACT, any parent, subsidiary, affiliate, division, predecessor or successor company, proprietorship, or joint venture, and all past or present directors, officers, employees, agents, representatives, distributors, dealers, or other persons under their control or acting, or purporting to act, on their behalf.

12.     Documents relating to any third-party's financial interest in the outcome of this litigation.

13.     Documents relating to defenses or other assertions made by Apple in this action in any future answers, counterclaims, or motions, or any written discovery responses served by Apple.

\*       \*       \*

Apple reserves the right to identify additional documents and to object to the production of any documents described on any basis permitted under the Federal Rules of Civil Procedure or any other applicable law or privilege.  Apple may also rely on public documents and documents that are produced by ACT or third parties in this litigation.

**(c)     Additional Disclosures Pursuant to Paragraph 3(c) of the Discovery Order**

Apple may, upon prevailing in this suit, seek an award of attorneys' fees under 35 U.S.C. § 285, the costs of this suit, and such other and further relief as the Court deems just and proper. The numerical amount of that relief is not presently ascertainable.  Apple disputes liability in this matter, and consequently believes ACT is not entitled to any damages.

Dated: November 13, 2024

Respectfully submitted,

/s/ *Kevin J. Post*

Steven Pepe (NY Bar No. 2810430)
Kevin J. Post (NY Bar No. 4382214)
Alexander E. Middleton (NY Bar No. 4797114)
Lance W. Shapiro (NY Bar No. 5397955)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
steven.pepe@ropesgray.com
kevin.post@ropesgray.com
alexander.middleton@ropesgray.com
lance.shapiro@ropesgray.com

Kathryn C. Thornton (DC Bar No. 198591)
Ryan C. Brunner (DC Bar No. 241467)
**ROPES & GRAY LLP**
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
kathryn.thornton@ropesgray.com
ryan.brunner@ropesgray.com

Melissa R. Smith
**GILLAM & SMITH, LLP**
TX State Bar No. 24001351
303 S. Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.om

James R. Batchelder (CA Bar No. 136347)
Shong Yin (CA Bar No. 319566)
**ROPES & GRAY LLP**
1900 University Ave., Sixth Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090
james.batchelder@ropesgray.com
shong.yin@ropesgray.com

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on November 13, 2024, I caused to be served all counsel of record who are deemed to have consented to electronic service with a copy of this document.

*/s/ Kevin J. Post*
Kevin J. Post
