# EXHIBIT 15

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **RFCYBER CORP.,**<br>*Plaintiff*<br><br>-vs-<br><br>**APPLE INC.,**<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **6-21-CV-00916-ADA**<br><br>PUBLIC VERSION |

### ▉▉▉ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

Came on for consideration this date is Defendant Apple Inc.'s ("Apple") Motion for an intra-district transfer of venue to the Austin Division of the Western District of Texas. ECF No. 93 (the "Motion"). Plaintiff RFCyber Corp. ("RFCyber") filed an opposition to the Motion on October 24, 2022 (ECF No. 49), to which Apple replied on September 23, 2022. ECF No. 102. After careful consideration of the briefs and applicable law, Apple's Motion is **GRANTED**.

**I.     FACTUAL BACKGROUND**

RFCyber brought this suit against Apple on September 7, 2022, alleging infringement of U.S. Patent Nos. 8,118,218, 9,189,787, 9,240,009, 10,600,046, and 11,018,724 (the "Patents-in-Suit"). ECF No. 1 ¶¶ 7–12. The Patents-in-Suit allegedly are directed to "apparatus and methods for enabling secure contactless payment with a portable device." *Id.* ¶ 13.

RFCyber then filed an amended complaint on December 2, 2021, adding a sixth patent. ECF No. 18. RFCyber asserts that Apple's products that include Apple Pay, Apple Wallet, or Apple Cash (iPhones, iPads, Watches, and Macs) infringe the asserted patents because, under RFCyber's theory, these features enable secure contactless payment with a mobile device, including emulating a payment card and completing a transaction, typically via near-field

communication ("NFC"). *See id.* ¶ 14; *see also id.* ¶ 15 ("Apple has distributed variants of Apple Pay that have included functionality to emulate a payment card and settle a transaction via NFC and/or MSJ at least since October 2014."). On December 21, 2021, RFCyber served its infringement contentions, which did not make any reference to non-payment aspects of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ECF Nos. 94-1–94-6.

On April 18, 2022, and based on Apple's investigation and understanding that the payment related aspects of Apple Pay, Apple Wallet, and Apple Cash were ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Apple moved to transfer this case to the Northern District of California. *See* ECF No. 41. During a June 13, 2022, discovery dispute hearing related to Apple's transfer motion, RFCyber allegedly claimed for the first time that non-payment aspects of Apple Pay, Apple Wallet, Apple Cash, Passkit, and related hardware and software, such as driver's license functionality, were within the scope of its infringement contentions. *See* ECF No. 93-1, June 13, 2022 Hrg. Tr. at 12:21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Apple asserts that it disagrees that RFCyber's claims or RFCyber's infringement contentions are broad enough to cover non-payment features and argued the same at the hearing. *See id.* at 17:6–11. But based on RFCyber's representations about the broad scope of its contentions, the Court ordered venue discovery into the non-payment aspects of the accused products. *Id.* at 18:15–25. As a result, on June 16, 2022, Apple notified RFCyber that, given RFCyber's new position about the purported scope of its contentions that for the first time made certain employees in Austin relevant, Apple was willing to litigate this case in the Austin Division. ECF No. 93-2 (email chain). RFCyber responded on June 22, 2022, claiming its "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮,

2

██████████████████████████████████████████████████████████████ but RFCyber then refused to stipulate to transfer to the Austin Division. *Id.* Although Apple disagrees with RFCyber's new characterization of its infringement contentions, Apple contends that the expanded scope ████████████████████████████████████████. ECF No. 93 at 4.

Apple is a California corporation, but Apple has a campus in Austin, Texas, ████ ████████████████████████████████████████████████████████████████ ████████ *See* ECF No. 18 ¶ 2; Declaration of Cynthia Ortega ("Ortega Decl.") ¶ 5; Declaration of Kim Tryggestad ("Tryggestad Decl.") ¶ 5; Declaration of Lincoln Barker ("Barker Decl.") ¶ 5. Plaintiff RFCyber is a Texas corporation a place of business at 600 Columbus Avenue, Suite 106, Waco, Texas 76701. Compl. ¶ 2.

## II.   LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . ." *Id*. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) [hereinafter *Volkswagen II*]. If the destination venue would have been a proper venue, then "[t]he

3

determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

Defendants should expect and accept some inconvenience when haled into Court. *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022). The burden that a movant must carry is not that the alternative venue is more convenient, but that it is *clearly* more convenient. *Volkswagen II*, 545 F.3d at 314 n.10. Although the plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is more convenient than the forum in which the case was filed. *Id.* at 315. "[T]he standard is not met by showing one forum is more likely than not to be more convenient, but instead the party must adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice." *Def. Distributed*, 30 F.4th at 433. While "clearly" more convenient is not necessarily equivalent to the "clear and convincing" evidence standard, the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or

4

practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

### III.  DISCUSSION

#### A. RFCyber's Unclean Hands and Untimeliness Arguments

In its response to Apple's Motion, RFCyber contends that Apple's Motion should be denied due to Apple's unclean hands and untimeliness of presenting its Motion. ECF No. 102 at 6–10.

***First***, RFCyber contends that Apple's original Motion to Transfer to the Northern District of California (ECF No. 41) "contained numerous misrepresentations that caused RFCyber to expend significant resources in venue discovery and delayed this case." *Id.* at 6. According to RFCyber, Apple's reliance on Mr. Rollins in that Motion was erroneous because discovery allegedly revealed that each of Mr. Rollins's statements that Apple's employees in Austin are irrelevant were either "false or intentionally misleading." *Id.* at 7. RFCyber therefore contends that because these "allegations in Apple's Motion to transfer were, at best, misleading and, at worst, deliberately false[,] Apple should not be rewarded for its conduct and its Motion should be denied on equitable grounds as well." *Id.* at 9.

Apple replies that RFCyber's unclean hands argument is meritless because Apple's Motion for inter-district transfer is now withdrawn and "the central issue now is whether Austin is clearly more convenient than Waco." ECF No. 105 at 5. According to Apple, it acknowledged from the start that it has ███████████████████████████████████████ ██████████. *Id.* But once RFCyber broadened its infringement contentions, Apple explains that Apple withdrew its inter-district transfer motion and filed this Motion instead.

Although the Court sympathizes with RFCyber's position that Apple's tactics in its original inter-district transfer motion were questionable, that issue is not presented in the Motion before

5

the Court here. Outside of one of this Court's previous cases, RFCyber cites no authority compelling this Court to deny Apple's Motion for intra-district transfer on equitable grounds for conduct related to Apple's now-withdrawn motion for inter-district transfer. Upon considering the special circumstances presented here, the Court finds that RFCyber's request to deny Apple's motion on equitable grounds should be denied. Accordingly, the Court **DENIES** RFCyber's request to deny Apple's Motion for unclean hands.

**Second**, RFCyber contends that Apple's Motion should be denied as untimely. *Id.* According to RFCyber, "Apple delayed filing its Motion until August 16, 2022, well after the originally scheduled date for the Markman hearing in this case, and 11 months after the initial complaint was filed." *Id.* RFCyber asserts that Apple's contention that "it did not realize until June 13, 2022, that functionality, such as Apple Wallet, Apple Cash, Passkit, Apple Pay, and other related products, were accused" does not amount to "good cause." *Id.* at 10.

Apple responds that "RFCyber does not cite any Court rule or precedent that renders this motion untimely." ECF No. 105 at 5. According to Apple, "[w]hen Apple filed this motion in August 2022, the operative standing order set only a deadline for inter-district transfer." *Id.* And Apple explains that it "timely sought transfer to California based on its understanding of the scope of infringement in April 2022." *Id.* Apple also contends that RFCyber also was not unfairly prejudiced by this turn of events as it did not increase the volume of venue discovery. *Id.*

The Court agrees with Apple and finds that Apple's Motion was not untimely given the circumstances. The applicable standing order at the time Apple filed its Motion did not set a deadline for intra-district transfer. Moreover, the Court finds that Apple had good cause to withdraw its original inter-district transfer motion and file this Motion instead. Ultimately, the Court finds that RFCyber has failed to show any sufficient prejudice it suffered by Apple filing

this Motion. Indeed, after this Motion was filed, the only additional venue discovery RFCyber conducted was serving a single interrogatory requesting information it already had from the earlier venue discovery. *See* ECF No. 105 at 5. Given these unique circumstances, the Court finds that RFCyber's request to deny Apple's Motion for untimeliness is unpersuasive. Accordingly, the Court **DENIES** RFCyber's request to deny Apple's Motion for untimeliness.

### B. Intra-District Transfer

The threshold determination in the § 1404(a) analysis is whether this case could initially have been brought in the destination venue—the Austin Division of the Western Division of Texas. *See Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-00876-ADA, 2022 WL 958384, at *5 (W.D. Tex. Mar. 25, 2022). Neither party contests that venue could be proper in the Austin Division. *See* ECF No. 93 at 9; *see generally* ECF No. 102. This Court therefore finds that venue would have been proper in the Austin Division had the suit originally been filed there. Thus, the Court now analyzes the private and public interest factors to determine whether the Austin Division is a clearly more convenient forum than the Waco Division.

#### i. The Private Interest Factors

##### a) *The Cost of Attendance and Convenience for Willing Witnesses*

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). According to Fifth Circuit law, if the distance between a current venue and a proposed venue is more than 100 miles, the inconvenience to witnesses increases in direct relationship to the additional distance they must travel if the matter is transferred. *Volkswagen II*, 545 F.3d at 317. But it is unclear when the 100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule "rigidly" in cases where witnesses would be required to travel a significant distance no matter what venue they testify in.

*In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). According to the Federal Circuit, time is a more important metric than distance. *Id.* However, the Federal Circuit has also held that when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor. *In re Apple*, 979 F.3d at 1342. When analyzing this factor, the Court should consider all potential witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017).

Apple contends that this factor favors transfer to the Austin Division because "███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████" ECF No. 93 at 12 (citing Ortega Decl. ¶¶ 2–3; Tryggestad Decl. ¶¶ 2–3; Barker Decl. ¶¶ 2–3). In addition to Apple employees, Apple asserts that RFCyber's witnesses also weigh in favor of transfer to Austin. *Id.* According to Apple, "[o]f those RFCyber identified as having knowledge relevant to this lawsuit, three are in California, four are outside of the United States, one is in Austin (the prosecuting attorney of record), two are in Texas but outside this District, and two are in Waco. *Id.* (citing ECF No. 93-4 (RFCyber Venue Rog. 1 Resp.) at 6–8, 10–11). And of the two Waco-based people identified by RFCyber, Apple contends that "one (████) is no longer with RFCyber and was a part-time office manager (see Ex. I (Clark Rough Tr.) at 4:14–21, 6:25–7:2, 8:25–11:20), and the other ██.

8

███ is a professor at Baylor 'conducting joint research with RFCyber' and appears to have little if any relevance to the issues in this case." *Id.*

In response, RFCyber contends that this factor weighs against transfer. ECF No. 102 at 12. RFCyber first argues that Apple's alleged failure to provide the requested discovery as to its potential witnesses' home and office addresses justifies finding this factor to weigh against transfer. *Id.* However, as explained above, the Court found that RFCyber's alleged deficiencies pertained to Apple's now-withdrawn motion for inter-district transfer and not this Motion. Accordingly, the Court finds that RFCyber's allegations are neutral as to this factor. RFCyber then contends that Apple's Motion still fails to show that the cost of attendance for willing witnesses weighs in favor of transfer. *Id.* RFCyber asserts that "Apple ignores the fact that RFCyber has an office near the Waco courthouse and that its witnesses could use the RFCyber office and conference room facilities in Waco, whereas if the trial were to be in Austin, RFCyber's witnesses would need to make alternative office arrangements." *Id.* at 13.

Considering all of the above arguments of the parties, the Court finds that this factor weighs in favor of transfer for the reasons that follow. It is undisputed that three relevant Apple employees are based in Austin. RFCyber has identified no relevant witnesses under this factor in Waco because ███ is a third party and will be considered below. RFCyber also ignores that the prosecuting attorney of record is located in Austin. Accordingly, the Court finds that this factor weighs in favor of transfer.

### b) *The Availability of Compulsory Process to Secure the Attendance of Witnesses*

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in

person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order." *Fintiv Inc.*, 2019 WL 4743678, at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech*, 566 F.3d at 1345). The Federal Circuit has held that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, 2018 WL 4692486, at *3 n.1. But the Fifth Circuit has clarified that "the availability of the compulsory process 'receives less weight when it has not been alleged or shown that any witness would be unwilling to testify.'" *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630–31 (5th Cir. 2022) (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488 (6th Cir. 2016)).

Apple contends that this factor is neutral because it has identified no third parties who would be subject to a subpoena issued from the Waco Division but would not be subject to a subpoena issued from the Austin Division. ECF No. 93 at 11. RFCyber disagrees with Apple and argues that compulsory process would be relevant at least as to ▮ who works at Baylor University. ECF No. 102 at 13. According to RFCyber, "Baylor University is located at 1311 South 5th Street, Waco, Texas 76798, 102 miles from the Austin courthouse, and therefore compulsory process may not suffice in the Austin Division, whereas there would be no dispute for compulsory process in Waco." *Id.* at 14. Apple replies that ▮ "is of marginal (if any) relevance and RFCyber did not submit any declaration or other support that she plans to testify at trial. ECF No. 105 at 3.

10

Contrary to RFCyber's assertion that Baylor University is 102 miles away from the Austin Federal Courthouse, the Court finds that it is less than one hundred miles in straight-line distance. Because ▬▬▬ can be compelled from either division, the Court finds that ▬▬▬ is neutral regarding this factor regardless of ▬▬▬ relevance to this case. Because the parties identify no other relevant third-party witnesses that this Court can compel under this factor, the Court finds that this factor is neutral regarding transfer to the Austin Division.

### c)   *The Relative Ease of Access to Sources of Proof*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech*, 566 F.3d 1388, 1345 (Fed. Cir. 2009)).

According to Apple, the location of Apple's sources of proof strongly favors transfer. ECF No. 93 at 10. Apple explains that a "overwhelming majority of documents and witnesses are located primarily in California or secondarily in Austin." *Id.* Apple argues that it has no witnesses or evidence in the Waco Division. *Id.* RFCyber responds that this factor weighs against transfer. ECF No. 102 at 10. According to RFCyber, RFCyber developed patent-practicing products and intends to rely on that source code at trial to antedate Apple's prior art references. *Id.* at 11. RFCyber explains that the "only copy of that source code is located in RFCyber's Waco office." *Id.* RFCyber also argues that "contrary to Apple's contention, RFCyber's documents are kept in

11

its Waco office during the ordinary course of business." *Id.* Apple replies that "RFCyber has not identified any Apple sources of proof in the Waco Division." ECF No. 105 at 2.

The Court finds that this factor weighs slightly in favor of transfer to the Austin Division. Apple has identified relevant sources of proof in the Austin Division. But because RFCyber has alleged that it developed patent-practicing products and the source code for those products is available only in Waco, RFCyber has shown that there are at least some relevant sources of proof in Waco that weigh against transfer. On balance, the Court finds that this factor weighs slightly in favor of transfer to the Austin Division.

### d) *All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive.*

When considering the private interest factors, courts must also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation . . . involving the same patent-in-suit, . . . pertaining to the same underlying technology and accusing similar services, . . . the Federal Circuit cannot say the trial court clearly abuses its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d at 1346 n.3.

Apple contends that this factor is neutral because there are no practical problems that weigh against transfer. ECF No. 93 at 13. RFCyber responds that this factor weighs against transfer because this Court has already issued a claim construction order and discovery is well underway. ECF No. 102 at 14. Although it is true that the Court has already issued a claim construction order

and discovery has begun, the Court finds that there are no co-pending cases that weigh against transfer to the Austin Division. Accordingly, the Court finds this factor neutral.

  **ii.**  **The Public Interest Factors**

    a)  *Administrative Difficulties Flowing from Court Congestion*

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 Fed. App'x 929, 932 (Fed. Cir. 2020). It considers the "[t]he speed with which a case can come to trial and be resolved." *In re Genentech, Inc.*, 566 F.3d at 1347. In this analysis, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.*

In its Motion, Apple contends that this factor is neutral. ECF No. 93 at 13. The Court agrees. Accordingly, the Court finds that this factor is neutral.

    b)  *Local Interest in Having Localized Interests Decided at Home*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-CV-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit*.'" *In re Apple*, 979 F.3d at 1344 (emphasis in original) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Courts should not heavily weigh a party's general contacts with a forum

that are untethered from the lawsuit, such as a general presence. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th at 1320 (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *Id.* at 1319.

Apple contends that this factor favors transfer because "Apple employs thousands of employees in Apple's Austin facility who work on [the relevant] aspects of Apple Pay, Apple Wallet, and Apple Cash." ECF No. 93 at 14. Although RFCyber responds that Apple has "no basis to contend that it has any local interest in Austin," the Court disagrees and finds that Apple has presented sufficient evidence of a significant connection of this case to the Austin Division. Accordingly, the Court finds that this factor favors transfer to the Austin Division.

### c) *Familiarity of the Forum with the Law That will Govern the Case*

Apple and RFCyber agree that this factor is neutral—both forums are familiar with the law that will govern this case. ECF No. 93 at 15; *see* ECF No. 102 at 15. The Court agrees.

### d) *Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

Apple and RFCyber agree that this factor is neutral—there are no potential conflicts here. ECF No. 93 at 15; *see* ECF No. 102 at 15. The Court agrees.

## IV. CONCLUSION

Having considered the private and public interest factors, the Court's conclusion for each factor is summarized in the following table:

| Factor | The Court's Finding |
|---|---|
| Cost of attendance for willing witnesses | Weighs in favor of transfer |

| | |
|---|---|
| Availability of compulsory process to secure the attendance of witnesses | Neutral |
| The relative ease of access to sources of proof | Weighs slightly in favor of transfer |
| All other practical problems that make the trial of a case easy, expeditious and inexpensive | Neutral |
| Administrative difficulties flowing from court congestion | Neutral |
| Local interest | Weighs in favor of transfer |
| Familiarity of the forum with the law that will govern the case | Neutral |
| Problems associated with conflicts of law | Neutral |

In sum, Apple has shown that two factors weigh in favor of transfer, one factor weighs slightly in favor of transfer, and no factors weigh against transfer. Accordingly, Apple has met its burden to show that the Austin Division is a *clearly* more convenient venue. *Volkswagen II*, 545 F.3d at 314 n.10. It is therefore **ORDERED** that Apple's motion to transfer venue to the Austin Division of the Western District of Texas (ECF No. 93) is **GRANTED** and that the above-styled case be **TRANSFERRED** to the Austin Division but remain on the docket of United States District Judge Alan D Albright. **IT IS FURTHER ORDERED** that the stay of the above-styled case entered by the Court on March 7, 2023, (ECF No. 144) is therefore lifted.

SIGNED this 6th day of June, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE